**UNITED STATES of America,**
**Plaintiff,**

v.

**William R. KEES, Defendant.**
**Crim. No. 17671.**

United States District Court
E. D. Illinois.

Sept. 29, 1961.

**576**

Carl W. Feickert, U. S. Atty., E. D. Illinios, Belleville, Ill., for plaintiff, United States.

William R. Kees, Pro se.

JUERGENS, District Judge.

Defendant William R. Kees was sentenced by this Court on November 26, 1951, to a term of fifteen years for having transported in interstate commerce a certain woman having been unlawfully seized and kidnaped by the defendant for immoral purposes.

Having consummated the crime, the defendant fled and was apprehended in the Eastern District of Illinois. On October 30, 1951, subsequent to his apprehension, in open court he declined appointment of counsel, signed a waiver of indictment and consented to be proceeded against by information, and requested, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Title 18 U.S.C.A., that his case be transferred from the Western District of Missouri to the Eastern District of Illinois. The United States Attorney for the Western District of Missouri filed an information which was then transferred to this Court for disposition.

On November 26, 1951, defendant again appeared in court and again declined the appointment of counsel and advised the Court that he wished to plead guilty to the charge in the information.

Defendant now declares that this Court did not have jurisdiction over him for the reason that he could not waive indictment and consent that an information be filed against him since he was charged with kidnaping, which may be a capital offense, and, therefore, the sentence pronounced, pursuant to the information and his plea, was illegal and should be set aside.

Under the provisions of Rule 20 a defendant arrested in a district other than the district in which an indictment or information was pending against him may state in writing that he wishes to plead guilty or nolo contendere and to waive trial in the district in which the indictment or information is pending and consent to the disposition of the case in the district in which he was arrested, subject, however, to the approval of the United States attorney for each district. If after the proceeding has been transferred, the defendant pleads not guilty, then the proceedings must be returned to the district from whence it came and the transferee court has no authority to proceed under an indictment or information against the defendant. It is only where a defendant enters a plea of guilty that he may be proceeded against in the transferee court under the provisions of Rule 20, and under these circumstances the progress of this case could proceed in one and only one direction. There could be no trial. The action of the defendant and the government precluded a trial. Each, by his action, closed the door to a trial. This being so, the punishment by death was definitely and positively removed from the case.

This defendant was apprehended in the State of Illinois. He requested that disposition of his case be made within the Eastern District of Illinois. In order to effect this transfer, he asked that he be proceeded against by information and waived his right to be proceeded against by indictment. In accordance with his waiver and consent, an information was filed in the United States District Court for the Western District of Missouri and then transferred to this Court for disposition.

Waiver of indictment is provided for by Rule 7, Title 18 U.S.C.A. This rule, together with the other Rules of Criminal Procedure, was adopted by the United States Supreme Court, certified by it to Congress, which added its approval and then promulgated same. Rule 7 provides in pertinent parts as follows:

"(a) Use of Indictment or Information. An offense which *may* be punished by death shall be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. * * * (Emphasis Supplied).

"(b) Waiver of Indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment."

The defendant was advised of his constitutional rights at each stage of the proceedings but persisted in his request that he be permitted to waive the presentment by an indictment and consented that an information might be filed against him.

The charge for which the defendant was sentenced is found in Section 1201, Title 18 U.S.C.A., which provides in pertinent parts as follows:

"(a) Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and *if the verdict of the jury shall so recommend,* or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed." (Emphasis Supplied).

Under the facts of this case, there could be no jury verdict since trial of the cause must be waived in order to proceed under the provisions of Rule 20 and was waived by this defendant, both before and after the transfer was made. Only a plea of guilty may be entered under a Rule 20 proceedings; upon a plea of guilty there, of course, would be no jury verdict; there being no jury verdict, no death penalty could be imposed. The statute, which the defendant violated, prescribes the circumstances and conditions under which the offense is made capital.

To say that an offense is capital or may be a capital offense, it must be possible for the death penalty to be imposed under the facts and circumstances as they exist. In this case the requirements necessary for the imposition of the death penalty were clearly absent for the reason that there was and could be no trial by jury in this district. Accordingly, the case could not have been capital if proceedings were to be had under Rule 20 as requested by the defendant.

The defendant was possessed of certain substantial inalienable rights guaranteed to him by the constitution and laws of the United States, which under the circumstances of this case are diametrically opposed one to the other. One granted right is to be proceeded against only by indictment and to trial by jury; another right is granted by Rule 20, namely, the right under certain circumstances to have

his case disposed of in the district where the arrest occurs. However, in order to avail himself of the latter right, the defendant must enter a plea of guilty in the transferee court. Rule 7(b) of the Federal Rules of Criminal Procedure also grants to the defendant the right to be proceeded against by information rather than by indictment if he so desires. If the defendant in open court, of his own volition, knowing all of the facts and circumstances and knowing his guaranteed rights, elects to exercise one right which is diametrically opposed to another of his rights and, in doing so, freely and voluntarily surrenders another right given to him in order to better his position, what authority has the court to say to him, "We will deny this right granted to you under the constitution and laws of the United States, but will force and demand of you to accept a different right"? We would then be denying him his right of choice and superimposing our authority on and over his constitutional and statutory right of selection, which might work to his detriment. We would be denying him due process.

The Notes of the Advisory Committee on the Rules comment on Rule 20 as follows:

"This rule introduces a new procedure in *the interest of defendants* who intend to plead guilty and are arrested in a district other than that in which the prosecution has been instituted. This rule would accord to a defendant in such a situation an opportunity to secure a disposition of the case in the district where the arrest takes place, thereby *relieving him of whatever hardship may be involved in a removal to the place where the prosecution is pending.* In order to prevent possible interference with the administration of justice, however, the consent of the United States attorneys involved is required." (Emphasis Supplied).

When the constitution and the law give to the defendant two diametrically opposed rights and he freely, voluntarily and of his own volition, having knowl-

edge of all those rights and all of the facts pertaining thereto, desires to and does choose and elect to obtain the benefit of one of those rights, thereby knowingly foregoing the other right, how can we say, "Even though you have the right of choice, we are not going to permit you to exercise it"? May the courts dictate to any defendant the choice of rights? If we may, are we then not setting up ourselves as dictators of their choice of action rather than remaining in our humble role as protectors of their rights.

For this Court to arbitrarily dictate to the defendant which of his several rights he may exercise and which he may not exercise would be a flagrant abuse of authority and discretion and would certainly be a violation of the defendant's constitutional rights.

■ The Court is cognizant of Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041. Careful consideration was given to that case. The facets of Smith are distinguishable from the case at bar to such a degree that it is not authority for the conclusion reached here. This Court has great respect for the opinions of the Supreme Court of the United States, but a judicial opinion must be read as applicable only to the facts involved and is an authority only for what is actually decided.

The Court has read and examined the transcript of the proceedings at which this defendant was sentenced, together with statements he made to the Court, the questions propounded and the statements made by the Court to the defendant. From such reading and examination the Court determines that all of the actions on behalf of the defendant were intelligently and knowingly made. He knew and was acquainted with his rights, some of which he voluntarily and of his own volition relinquished in order that he might make the choice which he wished to make in his own interest to obtain the position most favorable to him.

■ Being ever mindful of the strict interpretation required of criminal statutes and rules in favor of defend-

ants where substantial rights are involved and that it is the ever present duty of the Court to always jealously guard every right of the defendant throughout the entire proceedings and that the defendant's rights, including his right of choice, must ever be respected and accorded to him, this Court holds that the defendant was properly permitted to select the rights he wished to pursue at the original proceeding. If this Court had deprived the defendant of the rights requested by him, there would have been an abuse of discretion. The Court very carefully informed the defendant of his rights so that he could intelligently make the selection which he wanted to make and which would be to his best interest. The proceedings heretofore had were not in any way violative of the defendant's constitutional rights. Accordingly, the Court finds that the defendant's motion to correct sentence by setting aside the fifteen year sentence imposed must be denied.